*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1095**

State of Minnesota,
Respondent,

vs.

Max Dylan Loosen-Scholer,
Appellant.

**Filed March 7, 2016
Affirmed
Ross, Judge**

Carlton County District Court
File No. 09-CR-12-2797

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas H. Pertler, Carlton County Attorney, Carlton, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Then 19-year-old Max Dylan Loosen-Scholer sexually assaulted a 13-year-old girl multiple times over a five-day period in 2012. He pleaded guilty to third-degree criminal sexual conduct and the district court imposed a 48-month prison sentence but stayed its

execution on various probationary terms. During the period before and after his sentence, Loosen-Scholer repeatedly used drugs, was several times discharged from substance-abuse programs, and was arrested for impaired driving. The district court revoked Loosen-Scholer's probation, and he now appeals, arguing that his need for confinement does not outweigh the policies favoring his continued probation. Because the district court acted within its discretion in revoking Loosen-Scholer's probation, we affirm.

## FACTS

Loosen-Scholer pleaded guilty to third-degree criminal sexual conduct after he repeatedly subjected a 13-year-old girl to sex in November 2012. The district court released Loosen-Scholer before sentencing him, but a month later he was back in custody after he overdosed on drugs. He and the state amended the plea agreement, allowing him to be furloughed to complete a substance-abuse program. But the treatment program administrator discharged him from it after two months because he failed to progress.

In November 2013, the district court sentenced Loosen-Scholer to 48 months in prison with a ten-year conditional-release period, but it stayed execution of the sentence for three years on various probationary conditions including, among other things, completion of a drug treatment program and a sex-offender treatment program. Loosen-Scholer twice violated the terms of his probation by failing drug tests. And police arrested him for impaired driving. Finally, in March 2015 he was discharged from another drug treatment program.

The state asked the district court to revoke Loosen-Scholer's probation. The district court held a probation-revocation hearing where Loosen-Scholer admitted that he had used

Suboxone—a prescription drug—without authorization while he was in the program. The district court found that Loosen-Scholer's discharge from treatment and his Suboxone use were intentional and inexcusable violations of his probation. It also determined that the need for his confinement outweighs the policies favoring continued probation because his confinement is needed to protect the public and because treatment would be most effective in confinement. The district court therefore revoked Loosen-Scholer's probation and executed his stayed sentence.

Loosen-Scholer appeals that decision.

## DECISION

Loosen-Scholer argues that the district court erred by revoking his probation. We recognize a district court's broad discretion to determine whether sufficient evidence supports the state's effort to revoke probation, and we will not reverse the determination unless we identify a clear abuse of that discretion. *State v. Osborne*, 732 N.W.2d 249, 253 (Minn. 2007). When a district court revokes probation, it must identify the specific probationary condition violated, find that the probationer's violation was either intentional or inexcusable, and find that the need to confine the probationer outweighs the policies that favor probation. *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). Loosen-Scholer challenges only the district court's finding that the need to confine him outweighs the policies that favor probation.

When the district court weighs whether the need to confine a probationer outweighs the policies that favor his probation, it should consider the original offense and the offender's intervening conduct in relation to three factors: (1) whether confinement is

3

necessary to protect the public from the probationer, (2) whether the probationer needs correctional treatment best provided in confinement, and (3) whether failing to revoke probation would unduly depreciate the violation's seriousness. *State v. Modtland*, 695 N.W.2d 602, 606–07 (Minn. 2005).

Loosen-Scholer questions the district court's conclusion based on all three of these subfactors. We do not share his disagreement with the district court's bases.

Loosen-Scholer first argues that his confinement is not necessary to protect the public from his further criminal activity. The argument is unconvincing. The district court determined that his confinement is necessary to protect the public because of his impaired-driving arrest and his inability to complete sex-offender treatment until he ends his chemical dependency. It found the untreated relationship between his dependency and his sex offense particularly troubling given that he committed his sex offense while he and the victim were under the influence of the drugs and alcohol that he had provided. The record supports these findings, but Loosen-Scholer counters, claiming that his substantial chemical-dependency issues pose only a risk to him and not to the public. The argument is flawed on a matter of fact. Loosen-Scholer's untreated chemical abuse was an element in both his impaired driving and his sexual assault on the child, and the dangers associated with future similar crimes are self evident.

Loosen-Scholer argues next that he need not be confined to receive corrective treatment. The record supports the district court's disagreement with this proposition. It cited Loosen-Scholer's discharges from multiple chemical-dependency programs over a

relatively short period. And it attributed much of Loosen-Scholer's difficulty in completing chemical-dependency treatment to his own actions:

> There are not community resources for you. You've repeatedly failed as we have made Herculean efforts. You haven't cooperated. You've engaged in drug-seeking behaviors. You've been very difficult to supervise. When you were taken to the jail, you were threatening to the jail staff and their families.

The court reasonably determined that revocation is necessary "because nothing that we've done has had any success."

Loosen-Scholer argues finally that confinement exaggerates the severity of his probation violations. He describes his violations as more "technical than egregious" and maintains that continuing the probation would not unduly depreciate their severity. The district court did not expressly address the final *Modtland* subfactor, but we are satisfied that Loosen-Scholer's argument about it is not compelling. In any event, the district court's revocation decision finds ample support in both the other subfactors, and we need not consider the argument further.

**Affirmed.**